**UNITED STATES of America,**
**Appellee,**

v.

**Hector TORRES, Jose Antonio Franco,\* Defendants–**
**Appellants.**

**Nos. 05–0709, 05–1409.**

United States Court of Appeals,
Second Circuit.

June 6, 2006.

---

\* Jose Antonio Franco's appeal was withdrawn by consent pursuant to an order filed June 17, 2005.

134

Mark D. Rubino, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut; William J. Nardini, Assistant United States Attorney, on the brief), New Haven, CT, for Appellee.

Jonathan J. Einhorn, New Haven, CT, for Defendant–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Hector Torres appeals from a judgment entered on January 31, 2005 sentencing him principally to 63 months' imprisonment after a jury found him guilty of conspiracy to possess with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.[1]

■ Torres first claims that the District Court erred by admitting the testimony of William Torres ("William") and Luis Quiles despite the government's failure to provide notice of that testimony as required by Federal Rule of Evidence 404(b). Because the defense did not object to the testimony, we review the admission of that evidence for plain error. *United States v. Yousef*, 327 F.3d 56, 121 (2d Cir.2003).

Federal Rule of Evidence 404(b) requires the government to provide notice only of testimony about "[o]ther [uncharged] crimes, wrongs, or acts." By contrast, the testimony in question was evidence of the conspiracy charged in the Indictment. Accordingly, Federal Rule of Evidence 404(b) did not apply in the first place and the District Court committed no error in admitting the testimony.

■ Torres also claims that the District Court improperly admitted as lay opinion a portion of William's testimony. Because the defense objected at trial, we review the District Court's evidentiary ruling to determine whether it exceeded its allowable discretion. *United States v. Madori*, 419 F.3d 159, 168 (2d Cir.2005). Federal Rule of Evidence 701 provides that lay wit-

---

1. In his brief, Torres claimed that the District Court erred in sentencing him on the basis of 924 grams of cocaine when the jury determined that the conspiracy involved less than 500 grams of cocaine. At oral argument Tor-

res' counsel withdrew that contention in light of *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005), which conclusively resolved the issue against him.

nesses may give opinion testimony so long as that testimony is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

As an initial matter, Torres' claim fails because William never offered his lay opinion that the substance he sold to Torres was cocaine. Instead, William merely testified that (1) he had been using cocaine for years; (2) he personally sampled the substance that he later sold to Torres; (3) the substance caused his tongue to become numb; and (4) that sensation was consistent with the sensation he experienced when he used cocaine previously.

Even characterizing William's testimony as lay opinion, the District Court did not err in admitting it pursuant to Federal Rule of Evidence 701. William's testimony was based entirely on his own first-hand experience; incorporated no scientific or technical knowledge; and did not usurp the role of the jury. *See United States v. Garcia*, 413 F.3d 201, 211–12 (2d Cir.2005); *United States v. Grinage*, 390 F.3d 746, 749 (2d Cir.2004).

■ Torres next asserts that the government failed to prove that the substances he bought were cocaine. However, our cases make clear that "the absence of an actual sale or seizure of narcotics does not render insufficient the proof of a conspiracy to distribute it...." *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir.1997); *see also United States v. Sureff*, 15 F.3d 225, 228 (2d Cir.1994).

Lastly, Torres asserts that his conviction is not supported by sufficient evidence. We review that claim *de novo*. *See United States v. Jackson*, 301 F.3d 59, 64 (2d Cir.2002). However, we must view "all of the evidence in the light most favorable to

the government...." *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir.2002). We also must "defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of competing inferences that can be drawn from the evidence." *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998). Ultimately,"[a]ll that is required to sustain [Torres'] conviction for conspiracy is some evidence from which it can reasonably be inferred that [he] knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." *United States v. Medina*, 32 F.3d 40, 44 (2d Cir.1994) (internal quotation marks omitted).

Torres concedes that, as to the Home Depot transaction, the government offered sufficient evidence to establish his knowing participation in a scheme to possess and distribute cocaine. Although that evidence suffices to support his conviction, we note that sufficient evidence exists with respect to the other transactions in which Torres engaged. Both William and Quiles provided detailed testimony about three other transactions they executed with Torres. The jury was free to credit that testimony and conclude that Torres not only agreed to participate in a scheme to possess with intent to distribute cocaine, but actually did so participate. *See Sureff*, 15 F.3d at 229. Accordingly, there is sufficient evidence to support Torres' conspiracy conviction.

The judgment of the District Court is AFFIRMED.